**YOU PING JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States**

Attorney General, Respondent.[1]

No. 08–2659–ag.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2009.

David T. Rodkin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, Kathryn L. Deangelis, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner, You Ping Jiang, a native and citizen of China, seeks review of a May 7, 2008 order of the BIA affirming the June 19, 2006 decision of Immigration Judge ("IJ") Noel A. Brennan denying petitioner's application for asylum and withholding of removal. *In re You Ping Jiang*, No. A 98 432 340 (B.I.A. May 7, 2008), *aff'g* No. A 98 432 340 (Immig. Ct. N.Y. City Jun. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v.*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

*Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Before the agency, Jiang asserted that he was eligible for relief based on his fear that he would be sterilized if, in the future, he has more than two children in violation of the Chinese family planning policy. The IJ found that Jiang failed to establish that his fear, though subjectively held, was objectively reasonable. That finding was proper. We have held that a claim for asylum based on the Chinese family planning policy is necessarily impermissibly speculative where the applicant is male, unmarried, has no children, and has never had an encounter with the family planning authorities. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005). Because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim on this basis, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

To the extent that Jiang's CAT claim was based on the same fear found insufficient to establish eligibility for asylum and withholding, Jiang was similarly ineligible for relief under the Convention Against Torture ("CAT"). *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir. 2006). Nevertheless, relying on this Court's holding in *Montilla v. INS,* Jiang argues that the IJ failed to consider his CAT claim, thus violating 8 C.F.R. § 208.16(c). 926 F.2d 162, 169 (2d Cir. 1991). He contends that this was error requiring remand regardless of whether he was prejudiced by the error. That argument is unavailing. In *Montilla,* we adopted the *Accardi* doctrine, holding that where the agency had failed to comply with its own regulations, remand was required without regard to whether petitioner had made a showing of prejudice. *Id.* However, *Montilla* is distinguishable where, as in this case, the BIA recognized the IJ's error in failing to adjudicate Jiang's request for CAT relief, and then cured that error by finding that Jiang was ineligible for that relief because he had not so much as alleged that he was likely to be tortured if returned to China. Thus, despite the IJ's error, the agency ultimately adhered to its own regulations and cured that error.

For the foregoing reasons, the petition for review is DENIED.